■ DARCY N. SWEATT et al., Appellants, v JAFFIN, CONRAD & FINKELSTEIN, Respondent.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered on or about December 27, 1990, which awarded the respondent law firm $23,400 as its fee for legal services rendered to and on behalf of petitioners, unanimously affirmed, with costs.

As a result of the death of petitioner Sweatt's father, petitioner Ulm (Sweatt's mother) hired the respondent law firm to handle their affairs. Respondent rendered legal service to petitioners from February, 1986 through the end of 1989. As the decedent's estate was "rather a complex one", respondent spent much time in numerous proceedings, hearings and negotiations with many relatives, insurance companies and creditors in order to protect petitioners' interests. Respondent also was instrumental in various guardianship matters concerning both petitioners. Ultimately, petitioners received over $320,000, largely as a result of respondent's services. Respondent billed $26,094.95 for its services and since petitioners felt that this was too large a sum for the services, they requested the Surrogate's Court to determine the reasonable fees.

The Surrogate's determination was proper. The Surrogate "reviewed the entire record and evaluated, *inter alia,* the nature and extent of the services, the time and labor, and the size of the estate" *(see, Matter of Freeman,* 34 NY2d 1, 9). While petitioners urge that fees for paralegal services were improperly billed, SCPA 2110 (4) (added by L 1990, ch 684) permits the Surrogate to consider a paralegal's services rendered under an attorney's supervision.

We have considered petitioners' other arguments and find them to be meritless. Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ.